UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Woody Graham, | ) | Crim. No.: | 4:14-cr-00085-RBH-17 |
| | ) | Civ. No.: | 4:16-cv-02712-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Woody Graham's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 927. The Court denies the motion for the reasons herein.[1]

## Background

Petitioner was indicted for conspiracy to launder money, in violation 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). *See* ECF No. 340 at p. 10. On March 10, 2015, Petitioner proceeded to a jury trial and was found guilty. *See* ECF Nos. 701, 702, & 706. On July 6, 2015, the Court sentenced Petitioner to forty-six months' imprisonment and three years' supervised release. *See* ECF Nos. 875 & 882. Judgment was entered on July 14, 2015. *See id.* Petitioner did not file a direct appeal.

On July 28, 2016,[2] Petitioner filed the instant pro se § 2255 motion. *See* ECF Nos. 927 & 933. On September 23, 2016, the Government filed a motion for summary judgment. *See* ECF No. 937. On

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

1

October 12, 2016,[3] Petitioner filed a response to the Government's motion for summary judgment. *See* ECF No. 940.

## **Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the

---

[3] *Houston v. Lack* filing date.

2

court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

Petitioner states a single ground for relief in his § 2255 motion,[4] seeking a reduced sentence based on Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G"). *See* ECF No. 927 at pp. 1–3; ECF No. 933 pp. 3–4, 12.

---

[4] The Court rejects the Government's argument that Petitioner's § 2255 motion is untimely. *See* ECF No. 937 at pp. 1, 4. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). A criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Here, Petitioner's conviction became final on July 28, 2015, which was fourteen days after judgment was entered. Petitioner filed his instant § 2255 motion exactly one year later on July 28, 2016 (the last day for doing so). Thus, it is timely and the Court will address the merits.

A petitioner ordinarily cannot use 28 U.S.C. § 2255 to seek a sentence reduction based on subsequent amendments to the Sentencing Guidelines. *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004). A motion for sentence reduction based on a Guidelines amendment should be filed under 18 U.S.C. § 3582(c)(2),[5] not 28 U.S.C. § 2255. *Id.* at 477–81; *United States v. Jones*, 143 F. App'x 526, 527 (4th Cir. 2005). In other words, Petitioner's requested relief based on Amendment 794 is not cognizable in a § 2255 proceeding.[6] *See, e.g.*, *Lunn v. United States*, 2017 WL 2537221 (D. Md. June 9, 2017) (finding a § 2255 petitioner was not entitled to relief under Amendment 794); *Kidwell v. United States*, 2016 WL 5957561 (E.D.N.C. Oct. 13, 2016) (same); *United States v. Perez-Carrillo*, 2016 WL 4524246 (W.D. Va. Aug. 26, 2016) (same). The Court will deny Petitioner's § 2255 motion.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this

---

[5] Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under § 1B1.10, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review; Amendment 794 is not listed. *See generally United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009) ("A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10(c).").

[6] However, even if Petitioner had properly asserted this claim under § 3582(c)(2), he still would not be entitled to relief because Amendment 794 is not retroactively applicable on collateral review. Amendment 794 did not go into effect until November 1, 2015—*after* Petitioner's sentencing. *See* U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015). The United States Sentencing Commission Guidelines Manual states that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). Consequently, Petitioner is not entitled to relief under Amendment 794 either.

standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 937] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 927]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
August 28, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge